FILED
10/11/2016
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No.: |
| vs. ) | |
| ) | 3: 16 CV 1278 J- 39 JRK |
| SHREE DIGESHVERY AMBA MAA, INC. ) | |
| SHARDABEN S. DESAI and ) | |
| SOMABHAI L. DESAI ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal counsel, and in support of its Complaint against Defendants Shree Digeshvery AMBA MAA, Inc., Shardaben S. Desai and Somabhai L. Desai (hereinafter, "Defendants") does hereby allege and aver:

### Parties

1.  Plaintiff, Choice Hotels International, Inc. is a Delaware corporation, licensed to conduct business in the State of Florida, having a principal place of business at 1 Choice Hotels Circle, Suite 400, Rockville, Maryland 20850.

2.  Upon information and belief, Defendant Shree Digeshvery AMBA MAA, Inc. is corporation organized under the laws of the State of Florida, having a principal office address at 94 San Marco Avenue, St. Augustine, FL 32084.

3.     Upon information and belief, Defendant Shardaben S. Desai is a natural person, is an officer of Defendant Shree Digeshvery AMBA MAA, Inc., and is an owner of the hotel located at 94 San Marco Avenue, St. Augustine, FL 32084.

4.     Upon information and belief, Defendant Somabhai L. Desai is a natural person, is an officer of Defendant Shree Digeshvery AMBA MAA, Inc., and is an owner of the hotel located at 94 San Marco Avenue, St. Augustine, FL 32084.

### Jurisdiction and Venue

5.     This Court has both diversity and federal question jurisdiction over this case.

6.     This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

7.     This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

8.     This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

9.     This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

10.     Upon information and belief, each of the named Defendants has sufficient contacts with this state and district such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

2

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**Choice Hotels and the COMFORT® Family of Marks**

12. Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is in the business of franchising hotels.

13. Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

14. Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

15. Choice Hotels is now a publically traded company with 6,000 franchised hotels.

16. Choice Hotels offers high value, mid-priced, hotel and motel services under such well known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

17. Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of COMFORT® marks since at least as early as 1981.

18. Choice Hotels is the owner of several United States Trademark Registrations for its COMFORT® family of marks.

19. Choice Hotels is the owner of United States Trademark Registration No. 1,315,180 (hereinafter, "the '180 registration") for the mark COMFORT INN for use in connection with hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

20. The '180 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

21.     Choice Hotels is the owner of United States Trademark Registration No. 1,522,980 (hereinafter, "the '980 Registration") for the mark COMFORT + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 2.

22.     The '980 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

23.     Choice Hotels is the owner of United States Trademark Registration No. 1,707,467 (hereinafter, "the '467 Registration") for the mark COMFORT HOTEL + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 3.

24.     The '467 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

25.     Choice Hotels is the owner of United States Trademark Registration No. 1,712,481 (hereinafter, "the '481 Registration") for the mark COMFORT HOTEL for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 4.

26.     The '481 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

27.     Choice Hotels is the owner of United States Trademark Registration No. 1,712,482 (hereinafter, "the '482 Registration") for the mark COMFORT SUITES for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 5.

28. The '482 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

29. Choice Hotels is the owner of United States Trademark Registration No. 1,788,677 (hereinafter, "the '677 Registration") for the mark COMFORT for use in connection with the provision hotel and motel services; and hotel and motel reservation services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 6.

30. The '677 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

31. Choice Hotels is the owner of United States Trademark Registration No. 2,264,702 (hereinafter, "the '702 Registration") for the mark COMFORT INN & SUITES for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 7.

32. The '702 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

33. Choice Hotels is the owner of United States Trademark Registration No. 2,665,525 (hereinafter, "the '525 Registration") for the mark CS COMFORT SUITES + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 8.

34. The '525 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

35. Choice Hotels is the owner of United States Trademark Registration No. 3,050,363 (hereinafter, "the '363 Registration") for the mark COMFORT INN + Design for use in connection with the provision of hotel and motel services; hotel and motel reservation services

for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 9.

36. The '363 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

37. Choice Hotels is the owner of United States Trademark Registration No. 3,050,364 (hereinafter, "the '364 Registration") for the mark COMFORT + Design for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 10.

38. The '364 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

39. Choice Hotels is the owner of United States Trademark Registration No. 3,050,860 (hereinafter, "the '860 Registration") for the mark COMFORT HOTEL + Design for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 11.

40. The '860 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

41. Choice Hotels is the owner of United States Trademark Registration No. 3,050,866 (hereinafter, "the '866 Registration") for the mark COMFORT INN + Design for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 12.

42.     The '866 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

43.     Choice Hotels is the owner of United States Trademark Registration No. 3,050,867 (hereinafter, "the '867 Registration") for a miscellaneous Design Mark for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 13.

44.     The '867 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

45.     Choice Hotels is the owner of United States Trademark Registration No. 3,050,868 (hereinafter, "the '868 Registration") for the mark COMFORT INN & SUITES + Design for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 14.

46.     The '868 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065

47.     Choice Hotels is the owner of United States Trademark Registration No. 3,050,877 (hereinafter, "the '877 Registration") for the mark COMFORT RESORT for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 15.

48.     The '877 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065

49. Choice Hotels is the owner of United States Trademark Registration No. 3,050,880 (hereinafter, "the '880 Registration") for the mark COMFORT HOTEL & SUITES for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 16.

50. The '880 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065

51. Choice Hotels is the owner of United States Trademark Registration No. 3,050,881 (hereinafter, "the '881 Registration") for the mark COMFORT HOTEL for use in connection with the provision of hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 17.

52. The '881 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065

53. Choice Hotels is the owner of United States Trademark Registration No. 3,050,882 (hereinafter, "the '882 Registration") for the mark COMFORT INN for use in connection with the provision of hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 18.

54. The '882 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065

55. Choice Hotels is the owner of United States Trademark Registration No. 3,050,883 (hereinafter, "the '883 Registration") for the mark COMFORT INN & SUITES for

use in connection with the provision of hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 19.

56.     The '883 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065

57.     Choice Hotels is the owner of United States Trademark Registration No. 3,164,021 (hereinafter, "the '021 Registration") for the mark COMFORT SUNSHINE for use in connection with the provision hotel services, namely providing a complimentary breakfast to hotel guests. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 20.

58.     The '021 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065

59.     Choice Hotels is the owner of United States Trademark Registration No. 3,231,176 (hereinafter, "the '176 Registration") for the mark COMFORT RESORT + Design for use in connection with the provision of hotel and motel services; hotel and motel reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 21.

60.     The '176 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

61.     Choice Hotels is the owner of United States Trademark Registration No. 3,231,180 (hereinafter, "the '1180 Registration") for the mark COMFORT HOTEL & SUITES + Design for use in connection with the provision of Hotel and motel services; hotel and motel

reservation services for others; online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 22.

62.     The '1180 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

63.     Choice Hotels is the owner of United States Trademark Registration No. 3,449,308 (hereinafter, "the '308 Registration") for the mark CS COMFORT SUITES + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 23.

64.     The '308 Registration has achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

65.     Choice Hotels is the owner of United States Trademark Registration No. 4,279,333 (hereinafter, "the '333 Registration") for the mark COMFORT SUITES for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 24.

66.     Since the inception of their use, the service marks described in paragraphs 19 to 65 above (hereinafter, collectively, "the COMFORT® family of marks"), have been used by Choice Hotels, its predecessors and franchisees only in connection with the provision of the highest value hotel and motel services.

67.     Each registration identified in paragraphs 19 to 65 above remains active, valid and enforceable.

68.     Choice Hotels has invested, and continues to invest, significant resources in the development, promotion and protection of the COMFORT® family of marks.

69.     As a result of its concerted branding efforts, the COMFORT® family of marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

70.     The marks in the COMFORT® family of marks are indicative to both the trade industry and consumers that items bearing, or services offered under, the COMFORT® marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

71.     Upon information and belief, Defendants Shree Digeshvery AMBA MAA, Inc., Shardaben S. Desai, and Somabhai L. Desai (hereinafter, collectively, "Defendants") own and operate a hotel at 94 San Marco Avenue, St. Augustine, FL 32084 (hereinafter, "the Subject Property").

72.     Upon information and belief, Defendants operated the hotel at the Subject Property for many years under the moniker ECONOMY INN.

73.     On or about September 6, 2015, a legitimate Choice Hotels Franchisee (hereinafter, "Franchisee FLB21") discovered that the hotel at the Subject Property had been rebranded and was operating under the moniker COMFORT LODGE & SUITES.

74.     Thereafter, Franchisee FLB21 contacted Choice Hotels regarding the hotel at the Subject Property.

75.     Defendants are not franchisees of Choice Hotels and Choice Hotels has never given Defendants permission to use any of the marks in the COMFORT® family of marks.

76.     Accordingly, on or about November 10, 2015, Choice Hotels sent an infringement notice, via FEDEX delivery service, to Defendants indicating that use of the COMFORT LODGE & SUITES moniker in connection with the provision of hotel services at the Subject Property constitutes infringement of Choice Hotels' rights in the COMFORT® family of marks. A true and correct copy of the Infringement Notice is attached hereto as Exhibit 25.

77.     The Infringement Notice apprised Defendants of Choice Hotels' rights in the COMFORT® family of marks and informed Defendants that their use of the COMFORT LODGE & SUITES moniker at the Subject Property constituted trademark infringement because such use creates consumer confusion in the marketplace.

78.     The Infringement Notice further instructed Defendants to immediately cease and desist use of the COMFORT LODGE & SUITES moniker at the Subject Property.

79.     The Infringement Notice specifically instructed Defendants to provide written and photographic evidence, no later than November 19, 2015, that they had completely discontinued use of the COMFORT® family of marks at the Subject Property.  The letter further indicated that Choice Hotels would proceed with appropriate legal action if its demands were not met.

80.     Defendants did not comply with the requirements set forth in the November 10, 2015 letter.

81.     On or about December 4, 2015, Choice Hotels sent a second cease and desist letter, via email and FedEx delivery service, to Defendants regarding the unauthorized use of the COMFORT® family of marks at the Subject Property.  A true and correct copy of the December 4, 2015 letter is attached hereto as Exhibit 26.

82.     The December 4, 2015 letter again advised Defendants that their continued use of the COMFORT® family of marks at the Subject Property was unauthorized.   The letter

specifically instructed Defendants to provide written and photographic evidence, no later than December 21, 2015, that they had completely discontinued use of the COMFORT® family of marks at the Subject Property. The letter further indicated that Choice Hotels would proceed with appropriate legal action if its demands were not met.

83.     Defendants did not comply with the requirements set forth in the December 4, 2015 letter.

84.     Defendants continued to use the COMFORT LODGE & SUITES moniker in, around, and in publicity for, the hotel located at the Subject Property.

85.     Thereafter, Choice Hotels discovered that Defendants' use of the COMFORT LODGE & SUITES moniker in connection with the provision of hotel services at the Subject Property was creating actual consumer confusion in the marketplace.

86.     For example, in June 2016, a consumer posted a review on the Internet website www.booking.com indicating that the name of the hotel at the Subject Property was "deceiving" and that the legitimate COMFORT® branded hotel was several blocks away. A true and correct copy of the June 2016 review is attached hereto as Exhibit 27.

87.     Similarly, in July 2016, a consumer posted a review on www.tripadvisor.com indicating that she had erroneously booked a stay at the Subject Property thinking it was a COMFORT INN. A true and correct copy of the July 2016 review is attached hereto as Exhibit 28.

88.     On or about September 2, 2016 a Choice Hotels field representative conducted a site inspection of the Subject Property and discovered that Defendants were continuing to use the COMFORT LODGE & SUITES moniker in connection with the provision of hotel services at

the Subject Property. A true and correct copy of the photograph taken by the Choice Hotels field representative on or about September 2, 2016 is depicted below:



89. Defendants are not parties to a franchise agreement which would authorize them to use any of the marks in the COMFORT® family of marks in connection with the provision of hotel services at the Subject Property.

90. At no time have Defendants ever been authorized to use the COMFORT® family of marks.

91. Defendants' use of the COMFORT LODGE & SUITES moniker in connection with the provision of hotel services at the Subject Property is without the permission or approval of Choice Hotels.

92. Defendants' use of the COMFORT LODGE & SUITES moniker in connection with the provision of hotel services at the Subject Property creates both a likelihood of confusion and actual confusion in the marketplace.

14

93. Defendants use of the COMFORT LODGE & SUITES has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the COMFORT® family of marks owned by Choice Hotels.

## COUNT I
## Infringement of Federally Registered Trademark
## (15 U.S.C. §1114)

94. Paragraphs 1-93 are incorporated by reference herein as though set forth in their entirety.

95. Choice Hotels is the owner of a family of COMFORT® marks which it uses in connection with the provision of hotel and motel services. Included in that family of marks are at least the following United States Trademark Registrations: the '180 Registration; the '980 Registration; the 467 Registration; the '481 Registration; the '482 Registration; the '677 Registration; the '702 Registration; the '525 Registration; the '363 Registration; the '364 Registration; the '860 Registration; the '866 Registration; the '867 Registration; the '868 Registration; the '877 Registration; the '880 Registration; the '881 Registration; the '882 Registration; the '883 Registration; the '021 Registration; the '176 Registration; the '1180 Registration; '308 Registration and the '333 Registration.

96. Choice Hotels never licensed the COMFORT® family of marks to Defendants.

97. Upon information and belief, Defendants had actual knowledge of the COMFORT® family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

98.     The acts of Defendants as described herein constitute infringement of one or more of Choice Hotels' federally registered trademarks.

99.     As a direct and proximate cause of the infringing acts of Defendants, Choice Hotels has been damaged in an amount to be determined at trial.

100.     Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Defendants, and the cost of the action under 15 U.S.C. §1117.

101.     The acts of Defendants as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

102.     The acts of Defendants as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the COMFORT® family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

**COUNT II**
**Federal Unfair Competition – False Designation of Origin**
**(15 U.S.C. §1125(a))**

103.     Paragraphs 1-102 are incorporated by reference herein as though set forth in their entirety.

104.     Upon information and belief, Defendants had actual knowledge of the COMFORT® family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services, marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

105.     Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake,

16

or to deceive as to the affiliation, connection, or association between Choice Hotels and Defendants, or as to the origin, sponsorship, or approval of the services or commercial activities of Defendants by Choice Hotels.

106.    As a direct and proximate cause of the acts of Defendants as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

107.    Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Defendants, and the cost of the action under 15 U.S.C. §1117.

108.    The acts of Defendants as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

109.    The acts of Defendants as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the COMFORT® family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT III
### Florida Deceptive and Unfair Trade Practices
### (F.S.A. §501.201)

110.    Paragraphs 1- 109 are incorporated by reference herein as though set forth in their entirety.

111.    The activities of Defendants as described in the forgoing paragraphs, and in each cause of action herein asserted, constitute unfair and/or deceptive trade practices that have occurred and are occurring in commerce and have proximately caused and are proximately causing injury to Choice Hotels. Thus, these activities violate the Florida Deceptive and Unfair Trade Practices Act (F.S.A. §501.201, et seq.)

112.    Defendants have engaged in "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" by willfully and without authorization, using in commerce the COMFORT LODGE & SUITES moniker in connection with the provision of hotel and motel services at the Subject Property.

113.    By reason of the foregoing, Choice Hotels is entitled to recover from Defendants its actual damages, plus attorneys' fees and court costs pursuant to F.S.A. §501.211.

114.    The activities of Defendants as described herein were undertaken with the full knowledge of Choice Hotels' rights of the COMFORT® family of marks.

115.    The conduct of Defendants as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law.  Choice Hotels will continue to be so damaged in the absence of relief from this Court.

## COUNT IV
### Trademark Infringement / Unfair Competition
### Florida Common Law

116.    Paragraphs 1- 115 are incorporated by reference herein as though set forth in their entirety.

117.    The activities of Defendants as described herein are unfair acts that have damaged the legitimate business of Choice Hotels; therefore those activities constitute unfair competition pursuant to the common law of Florida.

118.    Defendants have used marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of Florida.

119. Choice Hotels has been damaged by the conduct of Defendants as described herein and will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, Choice Hotels prays:

A. That each of the named Defendants, jointly and severally, their agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from using any of the marks in the COMFORT® family of marks, including but not necessarily limited to, the marks appearing in the '180 Registration; the '980 Registration; the 467 Registration; the '481 Registration; the '482 Registration; the '677 Registration; the '702 Registration; the '525 Registration; the '363 Registration; the '364 Registration; the '860 Registration; the '866 Registration; the '867 Registration; the '868 Registration; the '877 Registration; the '880 Registration; the '881 Registration; the '882 Registration; the '883 Registration; the '021 Registration; the '176 Registration; the '1180 Registration; '308 Registration; the '333 Registration or any mark confusingly similar thereto;

B. That each of the named Defendants, jointly and severally, be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from their use of the COMFORT LODGE & SUITES moniker in connection with the provision of hotel services at the Subject Property;

C. That Choice Hotels be awarded judgment for damages against each of the named Defendants, jointly and severally, resulting from violation of Section 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

1)     all profits received by each named Defendant from sales and revenues of any kind as a result of the actions complained of herein; and

2)     all damages sustained by Choice Hotels as a result of each named Defendant's acts of infringement and unfair competition, and that such damages be trebled; and

3)     that, in light of the deliberate and willful actions of each named Defendant this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. §1117, and that Choice Hotels be awarded such relief;

D.     That Choice Hotels be awarded judgment for actual damages, costs and attorneys' fees as a result of Defendants' unfair and deceptive trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act §501.201, *et seq.*;

E.     That Choice Hotels be awarded judgment for damages resulting from each named Defendant's common law trademark infringement;

F.     That Choice Hotels be awarded judgment for damages resulting from each named Defendant's common law unfair competition and that such damages be trebled;

G.     That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

H.     That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action; and

I.     That all triable issues be brought before a jury.

s/ Zachary D. Messa
**Zachary D. Messa, Esquire**
Florida Bar No. 513601
Email: zacharym@jpfirm.com

**JOHNSON POPE BOKOR RUPPEL & BURNS, LLP**
911 Chestnut Street
Clearwater, Florida 33756
Tel. (727) 461-1818 / Fax (727) 462-0965
Local Counsel for Plaintiffs
and
**Matthew J. Ladenheim**
*(will be seeking Pro Hac Vice admission)*
Matthew J. Ladenheim, NC Bar 29309
**TREGO HINES & LADENHEIM, PLLC**
9300 Harris Corners Parkway Suite 210
Charlotte, North Carolina 28269
Phone: 704-599-8911
Fax: 704-599-8719